UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERNON C. BROWN JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>J.B. WALKER, )<br>)<br>Respondent. )<br>_____) | Case No. CV 11-7997-CAS(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for a writ of habeas corpus on September 27, 2011. For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot discern the factual or legal basis for petitioner's claims. Although petitioner indicates that he seeks to challenge his sentence [Petition at 2], he does not indicate what that sentence is, when it was imposed, or why he believes it violates some federally protected right. [See Petition at 2, 5-6]. Instead, in the space provided for Ground one, petitioner writes "Murder 1 and 1 robbery and emmunity [sic] murder 1 degree." In the

space provided for supporting facts, petitioner writes, "N/A... The United States Attorney Assoc." [Petition at 5]. Petitioner does not include any other allegations.

Petitioner attaches various documents, including an incomplete and unfiled application for leave to file a second or successive habeas petition, portions of a motion for production of transcripts, a motion for a stay which appears to have been prepared for another petitioner, case law printouts, and a motion for release on his own recognizance which appears to be intended for the California Superior Court. None of the documents shed light on the legal or factual basis for the petition.

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court shall summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, incredible, and frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert. denied, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner attempts to challenge his 2001 murder conviction, this court lacks jurisdiction over his

petition. This is the sixth habeas petition petitioner has filed in this Court.[1] The first petition, filed in Case No. CV 03-7528-FMC(AJW), challenged petitioner's 2001 murder conviction in the Los Angeles County Superior Court. That petition was denied on the merits on June 8, 2004. Petitioner filed several more petitions challenging the same conviction, and those petitions were dismissed as successive. See Case Nos. CV 04-4250-R(AJW), CV 11-4338-CAS(AJW), CV 11-4691-CAS(AJW). If petitioner again seeks to challenge petitioner's 2001 murder conviction, the petition must be dismissed as successive. See 28 U.S.C. §§ 2244(b)(2) & 2244(b)(3); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

For the foregoing reasons, the petition is dismissed.

**It is so ordered.**

Dated: 9/30/11

_Christina A. Snyder_
Christina A. Snyder
United States District Judge

---

[1] Many of the facts are obtained from the Court's files concerning petitioner's prior petitions. The Court may take judicial notice of such official court files. See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

3